# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: H.C. and I.K.**

**No. 13-0818** (Calhoun County 12-JA-10 and 12-JA-11)

**FILED**

**January 17, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother, by counsel Justin White, appeals the Circuit Court of Calhoun County's July 19, 2013, order terminating her parental rights to H.C. and I.K. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine Bond, filed its response in support of the circuit court's order. The guardian ad litem, Tony Morgan, filed a response on behalf of the children also supporting the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court violated her due process rights by failing to timely enter her adjudication and dispositional orders in violation of Rules 27 and 36 of the Rules of Procedure for Child Abuse and Neglect Proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2012, the DHHR filed a petition for immediate custody of the minor children. The petition alleged that multiple episodes of domestic violence occurred in the presence of the children and that Petitioner Mother abandoned H.C. The petition also alleged that as a result of Petitioner Mother's chronic mental health issues and pill abuse, she failed to provide the children with appropriate supervision and shelter. The children were immediately removed from the home based on the finding that their care and custody constituted abuse and/or neglect and posed an imminent danger to the well-being of the children. Petitioner Mother waived her rights to a preliminary hearing and, at adjudication, stipulated that her mental illness and prescription medication abuse had affected her ability to parent the children and that there was domestic violence in the home. The circuit court granted Petitioner Mother an improvement period.

Prior to disposition, the circuit court terminated Petitioner Mother's improvement period because she failed to accept responsibility for the issues that led to the filing of this petition, continued to abuse prescription drugs, failed to maintain a safe and clean home, and continued to associate with individuals who have a criminal history or are known to be violent. In July of 2013, the circuit court terminated Petitioner Mother's parental rights to her children and denied her post-termination visitation. The circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because Petitioner Mother habitually abused controlled substances that seriously impaired her

1

ability to parent her children, failed to follow through with appropriate prescription abuse treatment, and refused to acknowledge the problems that led to the filing of the instant petition. It is from this order that Petitioner Mother appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

To begin, Petitioner Mother alleges that the circuit court erred in terminating her parental rights based upon the testimony of a DHHR case worker. This assignment of error was only mentioned in the table of contents section of Petitioner Mother's brief and was not sufficiently developed in the body of her brief. This Court has previously stated that "issues . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (citations omitted). For this reason, the Court declines to address this issue.

Petitioner Mother raises a single assignment of error in this appeal: that the circuit court violated her due process rights by failing to enter the adjudicatory and dispositional orders within ten days of the hearings pursuant to Rules 27 and 36 of the Rules of Procedure for Child Abuse and Neglect Proceedings.[1]

The DHHR does not dispute that the circuit court failed to enter its adjudicatory and dispositional orders within ten days. However, while Petitioner Mother argues that her due process rights were violated, she has failed to argue how the untimely entry of the orders substantially disregarded or frustrated the Rules of Procedure for Child Abuse and Neglect Proceedings in her case. Although we find that the temporal requirements for the filing of the adjudication and disposition orders were not satisfied in this case, the delay did not substantially frustrate the purpose of such procedural rules. *See* W. Va. R. Proc. for Child Abuse and Neglect

---

[1] Rule 27 states that "[t]he court shall enter an order of adjudication . . . within ten (10) days of the conclusion of the hearing." Likewise, Rule 36 states that "the court shall enter a disposition order . . . within ten (10) days of the conclusion of the hearing."

Proceed. 2 ("These rules shall be liberally construed to achieve safe, stable, secure permanent homes for abused and/or neglected children and fairness to all litigants. These rules are not to be applied or enforced in any manner which will endanger or harm a child . . ."). This Court has held that "'[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings . . . has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.' Syl. Pt. 5, *In re Edward B.,* 210 W.Va. 621, 558 S.E.2d 620 (2001)." Syl. Pt. 6, *In re Elizabeth A.,* 217 W.Va. 197, 617 S.E.2d 547 (2005). However, the rules were not "substantially disregarded" in this case.

The record indicates that the circuit court was presented with sufficient evidence that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(1) states that a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes situations where "[t]he abusing parent . . . [has] habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired . . . ." The DHHR initiated services with Petitioner Mother in January of 2012, and she was granted an improvement period in July of 2012. Despite these opportunities, Petitioner Mother failed to make the necessary improvements. Petitioner Mother failed to accept responsibility for the issues that led to the filing of this petition, continued to abuse prescription drugs, failed to maintain a safe and clean home, and continued to associate with individuals with a criminal history or known to be violent. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court and the July 19, 2013, order is hereby affirmed.[2]

Affirmed.

**ISSUED**: January 17, 2014

**CONCURRED IN BY**:
Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2]Even though the Court decided this appeal on the merits, we caution counsel that we could have dismissed Petitioner Mother's appeal for failure to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Rule 10(c)(7) requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. That Rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."